UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SERGIO ALVES DA SILVA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil No. 25-13326-LTS |
| PATRICIA HYDE et al., | ) ) ) | |
| Respondents. | ) ) | |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

November 14, 2025

SOROKIN, J.

Sergio Alves Da Silva, a citizen of Brazil who is presently in immigration detention, seeks a writ of habeas corpus under 28 U.S.C. § 2241. His petition is ALLOWED as described below.

In March 2021, Alves Da Silva entered the United States without being admitted or paroled by an immigration officer. Doc. No. 1 ¶ 1; Doc. No. 1-3. He was promptly arrested by border patrol agents. Id. The agents subsequently released him, however, pursuant to an Order of Release on Recognizance issued "in accordance with" 8 U.S.C. § 1226. Doc. No. 1-4. The release order required Alves Da Silva to report in person to immigration authorities in Rhode Island, id., and it was accompanied by a Notice to Appear which initiated traditional removal proceedings, Doc. No. 1-3. Alves Da Silva has remained in this country ever since, settling in North Attleborough, Massachusetts, where he lives with his wife and child. Doc. No. 1 ¶ 2. On November 7, 2025, Alves Da Silva was arrested when he appeared at an Immigration and Customs Enforcement ("ICE") office for a routine check-in. Id. ¶ 3.

The day of his arrest, Alves Da Silva instituted this action by filing a habeas petition challenging his detention. Doc. No. 1. The petition raises a core issue that the Court has resolved in other recent cases. See, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14, 2025), ECF No. 21; Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5, 2025), ECF No. 16. The respondents have answered the petition with an abbreviated response which concedes that this petition raises "legal issues" that "are similar to those recently addressed by this Court in" Garcia and Encarnacion. Doc. No. 7 at 1. "Should the Court follow its reasoning" in those cases, they acknowledge, "it would reach the same result here." Id. Though they "reserve all rights to appeal" the Court's analysis of the relevant detention statutes, they incorporate their earlier briefing and suggest that no further argument is necessary. Id.

Once again, the Court adheres to its prior reasoning, as described in the cases the respondents cite, and concludes in light of the respondents' submission as well as the exhibits attached to the original petition in this case that Alves Da Silva is not subject to mandatory detention under 8 U.S.C. § 1225(b). See DeAndrade v. Moniz, No. 25-cv-12455-FDS, 2025 WL 2841844, at *6 (D. Mass. Oct. 7, 2025) (finding that where immigration authorities released noncitizen using mechanisms available under § 1226, they may not later "turn back the clock" and pursue mandatory detention under § 1225); see also, e.g., Oliveira Gomes v. Hyde, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025); Romero v. Hyde, No. 25-cv-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (collecting cases from different districts reaching same conclusion). He is therefore entitled to habeas relief.

Accordingly, the Court hereby ALLOWS the petition and ORDERS as follows: 1) the respondents shall release Alves Da Silva unless he is provided a bond hearing under 8 U.S.C.

§ 1226(a) <u>within seven days of this Order</u>;[1] and 2) the respondents shall not retaliate against the petitioner in the context of the bond hearing or otherwise for filing this habeas petition.

SO ORDERED.

                                                    /s/ Leo T. Sorokin
                                              United States District Judge

---

[1] At the hearing, the government will have the burden of either proving by clear and convincing evidence that the petitioner poses a danger to the community, or proving by a preponderance of the evidence that he is a flight risk. <u>Hernandez-Lara v. Lyons</u>, 10 F.4th 19, 42 (1st Cir. 2021).